IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THADDEUS J. BARTKOWSKI, III | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID FONI, et al. | : | NO. 07-1018 |

MEMORANDUM

Baylson, J. September 17, 2007

I. **Background**

This is a shareholder derivative action brought by Thaddeus Bartkowski, III on behalf of Pantel Systems, Inc. ("Pantel") against Pantel's Chief Executive Officer, David Foni. The verified complaint alleges breach of fiduciary duties and a number of other offenses related to Foni's contractual dealings with Bartkowski and his company, Ignition Media Group, LLC. Plaintiff alleges that under Foni's leadership, Pantel breached its asset purchase agreement with Ignition Media, causing Pantel to lose "valuable revenue generating contracts." (Verified Compl. ¶ 12).[1] Presently before the Court is Defendant Foni's motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. For the reasons set forth below, the Court will grant Defendant's motion and dismiss the complaint without prejudice.

II. **Legal Standard**

In deciding a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ.

---

[1] Ignition Media has also brought a direct breach of contract action against Pantel which is before this Court. See Ignition Media Group, LLC v. Pantel Sys. Inc., et al., Civ. A. No. 07-0439.

1

P. 12(b)(2), we "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (quoting Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). However, once a jurisdictional defense is raised, the plaintiff bears the burden of proving, through affidavits, or competent evidence, sufficient contacts with the forum state to establish personal jurisdiction. See Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996). The plaintiff must establish those contacts with reasonable particularity. See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1996). Once the plaintiff makes out a *prima facie* case in favor of personal jurisdiction, the burden shifts to the defendant to establish that the presence of some other considerations would render jurisdiction unreasonable. See Carteret Sav. Bank, 954 F.2d at 150.

### III.  Analysis

It is undisputed that Foni is a New Jersey resident, and Pantel is a Nevada corporation with its principal place of business in Colorado. Nonetheless, Plaintiff contends Pennsylvania may exercise personal jurisdiction over Foni because: (1) the SEC's web-based profile for Pantel lists a Pennsylvania "business address," and (2) Foni "purposefully directed his activities" at Pennsylvania by causing Pantel to breach its contract with Ignition, a Pennsylvania corporation. As explained below, neither ground provides a sufficient basis for this Court to assert personal jurisdiction over Foni.

#### A.  Jurisdictional Standards

Federal Rule of Civil Procedure 4(e) allows a district court to exercise personal

jurisdiction over a non-resident to the extent allowed by the law of the state in which it sits.  See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984).  Pennsylvania's long-arm statute provides that a court may exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States."  42 Pa. Cons. Stat. § 5322(b).

Due process requires that the defendant have "minimum contacts" with the forum state, and that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice."  Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).  "Minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  Remick, 238 F.3d at 255 (quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109 (1987)).

A court may exercise personal jurisdiction based on a defendant's general or specific contacts with the forum.  General and specific jurisdiction are "analytically distinct categories, not two points on a sliding scale."  O'Connor v. Sandy Lane Hotel Co., Ltd., No. 05-3288, 2007 WL 2135274, at *5 (3d Cir. 2007).  General jurisdiction is based upon the defendant's "continuous and systematic contacts" with the forum.  General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-416 (1984)).  Specific jurisdiction is appropriate only if the "plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant 'should reasonably expect being haled into court' in that forum."  Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod.

Co., 75 F.3d 147, 151 (3d Cir. 1996) (quoting Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).  Specific jurisdiction is established where the defendant "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate[] to' those activities."  BP Chemicals Ltd. v. Formosa Chemical & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000) (quoting Burger King, 471 U.S. at 472)).  To find that a plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum state, the Third Circuit requires "a closer and more direct causal connection than that provided by the but-for test."  O'Connor, 2007 WL 2135274, at *7.  However, the required causal connection is looser than the tort concept of proximate causation.  Id. (citing Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 99-100 (3d. Cir 2004)).  The appropriate analysis is fact-intensive, focusing on the "reciprocity principle upon which specific jurisdiction rests" – whether the defendant received the benefits and protections of a state's laws to the extent that it should, as a quid pro quo, submit to the burden of litigation in the state.  O'Connor, 2007 WL 2135274, at *7.

### B. Pantel's Pennsylvania "Business Address"

Although the parties agree that Pantel's principal place of business is in Colorado, they dispute whether Pantel also maintains a business address in Pennsylvania.  Plaintiff submits a print-out from the SEC's website that lists Pantel's business address as "1244 Main Street, Linfield, Pa."  (Pl.'s Resp., Ex. A).  Defendant contends this address belonged to a corporate predecessor of Pantel, Biofarm, Inc., which has since relocated to California.  Although Pantel's SEC filings state that its principal place of business is in Colorado, the SEC database continues to list Pantel's "business address" as the old Biofarm address.  (Def.'s Reply Br. 2).

The Court does not need to resolve the dispute over Pantel's business address because

even if Pantel maintains a place of business in Pennsylvania and is subject to jurisdiction here, this would not automatically establish jurisdiction over Pantel's CEO, Foni.  It is well-established that "jurisdiction over . . . [individual] defendants does not exist simply because they are agents or employees of organizations which presumably are amenable to jurisdiction in" a particular forum.  Nicholas v. Saul Stone & Co., LLC, 224 F.3d 179, 184 (3d Cir. 2000).  Rather, the Court must separately assess Foni's contacts with Pennsylvania to determine if jurisdiction over him, as an individual defendant, is appropriate.  See id. ("Each defendant's contacts with the forum state must be assessed individually.").

           **C.**    **Directing Harm at Pennsylvania**

The Court will first consider the application of Pennsylvania's long-arm statute to Foni.  See 42 Pa. Cons. Stat. § 5301 et seq.  Plaintiff contends the Court may exercise specific jurisdiction over Foni under the "tort out/harm in" provision (§ 5322(a)(4)), which "extends jurisdiction to anyone who causes harm or tortious injury, intentionally or not, in Pennsylvania through acts or omissions outside Pennsylvania."  Pennzoil Prod. Co. v. Colelli & Assoc., Inc., 149 F.3d 197, 201 (3d Cir. 1998).  According to Plaintiff, Foni caused Pantel to breach its contract with Ignition, a Pennsylvania corporation, and thereby purposefully directed his tortious activities at the Commonwealth.[2]

---

[2] Although neither party has raised this point, there is an issue as to whether the Court may assert personal jurisdiction over Foni on the basis of acts he performed solely in his corporate capacity.  Under the "corporate shield" doctrine, the "contacts of the defendant as an agent of a corporation are [generally] not attributable to him to establish personal jurisdiction."  Lautman v. Loewen Group, Inc., No. 99-75, 2000 WL 772818, at *5 (E.D. Pa. June 15, 2000).  However, courts will not allow a corporate officer to invoke the "shield" if the officer committed a tort in his corporate capacity for which he could be held personally liable, or violated a statutory scheme that provides for personal, as well as corporate, liability.  Id.  In determining whether an officer's "corporate contacts" should be considered for personal jurisdiction

The Court concludes that Pennsylvania's long-arm statute does not extend jurisdiction to Foni because <u>Pantel</u> did not suffer an injury in Pennsylvania. This is a derivative suit brought by Bartkowski on behalf of Pantel to "enforce a <u>corporate</u> cause of action" against Pantel's officers and directors. <u>Kamen v. Kemper Fin. Serv., Inc.</u>, 500 U.S. 90, 95 (1991) (emphasis in original). Thus, the real party in interest is Pantel, not the individual shareholder, Bartkowski, or his company, Ignition Media. If Foni's conduct harmed Pantel as Plaintiff alleges, Pantel would have "felt" the harm in Nevada or Colorado, but certainly not in Pennsylvania. The fact that Ignition Media is located in Pennsylvania and may also have been harmed by Pantel's alleged breach of contract, does not affect the jurisdictional calculus in a derivative action brought on Pantel's behalf.

Even if Plaintiff could establish that Pantel suffered harm in Pennsylvania and § 5322(a)(4) applied to Foni, this would not end the jurisdictional inquiry, as the Court would still have to "determine whether the strictures of constitutional due process (i.e., minimum contacts and notions of 'fair play and substantial justice') would be observed by asserting jurisdiction." <u>Pennzoil</u>, 149 F.3d at 202; see also <u>Santana Prod., Inc. v. Bobrick Washroom Equip.</u>, 14 F.Supp.2d 710, 715 (M.D. Pa. 1998) ("Merely because [defendants'] conduct falls under § 5322(a)(4), however, does not end the inquiry. It must also be demonstrated that the assertion of personal jurisdiction through § 5322(a)(4) comports with the requirements of the

---

purposes, courts analyze: (1) the defendant's role in the corporate structure; (2) the nature and quality of the defendant's forum contacts; and (3) the extent and nature of the defendant's personal participation in the allegedly wrongful conduct. <u>Id.</u>

In this case, the Court does not need to determine the applicability of the "corporate shield" doctrine because, as explained more fully in the text, Foni's "corporate contacts" with Pennsylvania are wholly insufficient to establish personal jurisdiction over him.

Due Process Clause."). Minimum contacts is a "fact-sensitive" issue and "turns on the quality and nature of a defendant's activity in relation to the forum state." Pennzoil, 149 F.3d at 203 (internal quotations omitted).

Plaintiff has failed to demonstrate that Foni has the requisite minimum contacts with Pennsylvania. Foni submitted a declaration stating that he resides in New Jersey, maintains no residences or offices in Pennsylvania, does not regularly travel to Pennsylvania for either business or personal reasons, and has never conducted Pantel's business in Pennsylvania. (Foni Declaration ¶¶ 3-6). Since joining Pantel as a director and officer in January 2007, his work "concerning Pantel's operations and finances have occurred almost exclusively in California, Colorado, Minnesota, New Jersey, New York, Nevada, and Maryland." (Id. ¶ 6). Plaintiff does not even attempt to refute these assertions through "affidavits or competent evidence." In fact, the only contacts Plaintiff claims Foni has with Pennsylvania are: (1) his position as an officer and director of a corporation that may have a business address in Pennsylvania; and (2) his involvement in Pantel's alleged breach of contract with a Pennsylvania corporation.[3] As previously explained, these contacts fall far short of federal due process requirements.

Because the Court concludes Foni does not have minimum contacts with Pennsylvania, there is no need to reach the final part of the jurisdictional analysis, that is, whether exercising jurisdiction over the defendant would violate "traditional notions of fair play and substantial justice." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). At this stage of the inquiry, courts generally consider "the burden on the defendant, the forum State's interest in

---

[3] The contract was negotiated and executed before Foni joined Pantel in January 2007, and thus any pre-contractual dealings that may have occurred in Pennsylvania are irrelevant for purposes of assessing Foni's minimum contacts with Pennsylvania.

adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate and international judicial system's interest in obtaining the most efficient resolution of controversies . . . and the procedural and substantive interests of other nations." O'Connor, 2007 WL 2135274, at *8 (internal citations omitted).[4]

## IV.     Conclusion

For the reasons stated above, Defendant Foni's motion to dismiss the complaint for lack of personal jurisdiction is granted.  An appropriate Order follows.

O:\CIVIL 07\07-1018 Bartkowski v. Foni\MTD Memo.wpd

---

[4] Under certain circumstances, a court may exercise jurisdiction over defendants who have insufficient minimum contacts with the forum under the traditional due process analysis, but have expressly aimed their tortious conduct at the forum such that they "should reasonably anticipate being haled into court there." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259, 260 n.3 (3d Cir. 1998).  This is known as the "effects test" and requires a plaintiff to demonstrate: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum; and (3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. Marten v. Godwin, No. 05-5520, 2007 WL 2377807, at *4 (3d Cir. Aug. 22, 2007).

The Court may not assert jurisdiction over Foni under the "effects test" as Plaintiff does not allege that Foni committed an intentional tort.  Moreover, as explained more fully in the Court's discussion of 42 Pa. Cons. Stat. § 5322(a)(4), there is no indication that Pantel felt the brunt of the harm from Foni's activities in Pennsylvania.  Finally, Plaintiff has not shown that Foni expressly aimed his conduct at Pennsylvania.  As the Third Circuit recently explained in Marten, "[e]ven if a defendant's conduct could cause foreseeable harm in a given state, such conduct does not necessarily give rise to personal jurisdiction in that state." Marten, 2007 WL 2377807, at *4.  Rather, plaintiff must also "point to specific activity" indicating that the defendant's behavior was "intentionally targeted at and focused on the forum." Id. (internal quotations omitted).  Plaintiff has failed to meet this burden.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THADDEUS J. BARTKOWSKI, III | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID FONI, et al. | : | NO. 07-1018 |

## ORDER

AND NOW, this 17th day of September 2007, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that Defendant Foni's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 6) is GRANTED, and all claims set forth in the verified Complaint against David Foni are dismissed without prejudice.

As Plaintiff has designated "John Doe" as potential Defendants, who are unknown members of the Board of Directors, the Court will allow Plaintiff fourteen (14) days to file an Amended Complaint as to such persons.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.